UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Jose Luis Alberto Panohaya Mediana,

Petitioner,

v.

Patrick, DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Christopher J. LAROSE, Warden of Otay Mesa Detention Facility;

Respondents.

Case No.: 26-cv-01760-GPC-MSB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. ECF No. 1. For the reasons set forth below, the Court **GRANTS IN PART** the Petition and **ORDERS** that Respondents provide Petitioner with an individualized bond hearing under

1

8 U.S.C. § 1226(a) within seven (7) days. The Court vacates the hearing scheduled for April 3, 2026.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection twenty-three years ago. ECF No. 1, ¶ 7. On November 2, 2025, ICE detained Petitioner and placed him in removal proceedings under 8 U.S.C. § 1229(a). *Id.* ¶ 8. Petitioner was not provided with a bond hearing upon his detention. *Id.* ¶ 21.

Petitioner alleges that his detention without a bond hearing violates the Immigration and Nationality Act. *Id.* ¶¶ 28-33. Specifically, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2), thereby entitling him to a bond hearing. *Id.*

## DISCUSSION

Petitioner requests an order requiring his release, or any other relief this Court deems proper. *Id.* at 7. Respondents do not oppose an Order granting a bond hearing for Petitioner. ECF No. 4. Thus, Respondents have "effectively concede[ed]" that Petitioner is detained under § 1226(a) rather than § 1225(b)(2) and has been unlawfully denied a bond hearing. *See Vardanyan v. Noem*, No. 5:26-CV-00423-MRA-RAO, 2026 WL 383341, at *2 (C.D. Cal. Feb. 11, 2026).

The Court acknowledges that Petitioner's time to file a traverse has not yet passed. However, upon review of the Petition and Response, the Court finds that additional argument is not necessary to inform its decision.

### I.    Standard of Proof

While Respondents "do not oppose an order from this Court directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a)," they go on to specify that, at such hearing, "Petitioner bears the burden to demonstrate by clear and convincing evidence that they are not a danger to the community or a flight risk." ECF No. 4. This overstates Petitioner's burden. The Ninth Circuit has described the bond hearing requirements of § 1226(a) as follows:

26-cv-01760-GPC-MSB

> Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the IJ will order his release.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (internal quotation marks and citations omitted).

Accordingly, a bond hearing ordered in compliance with § 1226(a) requires only that Petitioner demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community.

## II.    Remedy

Given Petitioner's allegations, a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct the unopposed violations outlined in the Petition. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2998361, at *6 (S.D. Cal. Oct. 24, 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.[1]

**CONCLUSION**

Accordingly, the Court **ORDERS** as follows:

---

[1] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 7. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.

26-cv-01760-GPC-MSB

- Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of this Order.[2] At the hearing, Petitioner bears the burden of demonstrating by the preponderance of the evidence that he is not a danger to the community or flight risk;

- Respondents are **ORDERED** to **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;

- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

  **IT IS SO ORDERED.**

Dated:  March 25, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Respondents request 14 days to provide such a hearing. ECF No. 4, at 1 n.1. However, Petitioner is presently wrongfully detained without a bond hearing. The seriousness and urgency of this violation demands prompt resolution.

4